Kenneth N. Frucht (SBN 178881)
Frederick J. Geonetta (SBN 114824)
GEONETTA & FRUCHT, LLP
825 Washington Street, Suite 220
Oakland CA  94607
Tel: (510) 254-3777
*Attorneys for Plaintiff Bryanna Berry*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANNA BERRY, | **CASE NO.: 5:21-cv-8436** |
| Plaintiff, | |
| v. | |
| CITY OF SAN JOSE, OFFICER LINDSAY PARODI (4426, and DOES 1-25, inclusive, | **COMPLAINT FOR DAMAGES (42 U.S.C. § 1983)** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff BRYANNA BERRY ("Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil rights action, and this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

2.      Venue is proper in the Northern District of California under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

## PARTIES

3.      At all times relevant hereto, Plaintiff Bryanna Berry ("Plaintiff") was a resident of

1   Santa Clara County.

2       4.       Defendant  City of San Jose ("CITY") is and was at all times herein mentioned, a

3   public entity duly organized and existing under the law of the State of California. Defendant CITY is

4   responsible for the actions, omissions, policies, procedures, practices and customs of its various

5   agents and agencies, including the San Jose Police Department and its agents and employees. At all

6   times relevant to the facts alleged herein, Defendant CITY was responsible for ensuring that the

7   actions, omissions, policies, procedures, practices and customs of the San Jose Police Department

8   and its employees and agents complied with the laws and the Constitution of the United States and

9   of the State of California.

10      5.       Defendant Police Officer Lindsay Parodi ("Parodi") is a natural person employed as

11  a police officer with Badge No. 4426 by the San Jose Police Department and was at all times

12  mentioned herein acting within the scope of her employment with the San Jose Police Department.

13  Defendant Parodi is herein sued in her individual and official capacities.

14      6.       Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

15  or otherwise, of DOES 1-25, and herein and prays leave of the Court to insert the true names and

16  capacities of such Defendants when they become known or are ascertained, together with

17  appropriate charging allegations. Defendant Does 1-25, were at all times mentioned herein CITY

18  employees and/or supervisors. Doe supervisors were charged by law and were responsible for the

19  supervision of other CITY employees, and were responsible for investigating, accounting, and

20  reporting their subordinates conduct to the superiors.

21      7.       Plaintiff is informed and believes and thereon alleges that each of the Defendants

22  named herein was the agent, employee, or representative of each of the other defendants, and in

23  doing the things herein mentioned, were acting in the course and scope of such agency and/or

24  employment. It is further alleged that each of the Defendants, in doing the acts or omissions

25  complained of herein, acted or omitted to act in concert as agents of and/or on behalf of the other

26  defendants named herein, and authorized, ratified, and aided and abetted the doing of the acts alleged

27  herein, and proximately caused Plaintiff's damages as herein alleged while acting in such capacity.

28

BERRY v. PARODI, CITY OF SAN JOSE,  ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES

1

## STATEMENT OF FACTUAL ALLEGATIONS

2       8.      Plaintiff is an African American woman. Like many African Americans and other

3   persons of color, she has experienced racial profiling by law enforcement, including by the San Jose

4   Police Department in the past. Plaintiff was a 29-year-old woman living in Oakland, California.

5   Plaintiff's birthday is October 28, 1991, and she had celebrated her 29th birthday only days earlier.

6   On November 2, 2019, a group of Plaintiff's friends arranged for a surprise birthday celebration in

7   San Jose. Plaintiff dressed for a party and her friend Donna Jackson drove Plaintiff from Oakland to

8   San Jose to a  local casino to meet with her friends; Plaintiff subsequently learned that the trip was

9   for a surprise birthday party for her. Plaintiff had given birth five months previously and was caring

10  full time for her infant child; she had not been out of her house to visit friends or otherwise engage in

11  social activities since her child's birth, so she looked forward to the anticipated birthday celebration.

12      9.      Once in San Jose, Ms. Jackson stopped at a gas station. Plaintiff remained in the car,

13  using her cell phone to communicate with the friends they were planning to meet. With no warning,

14  a San Jose Police cruiser pulled into the station behind their car, and officer Clare Johnson (Badge

15  No. 4503), ("Officer Johnson"), along with her partner, Defendant Parodi exited the police cruiser.

16  Plaintiff and Ms. Jackson had not yet exited the car to purchase gas, so neither officer could see how

17  they were dressed. For no other reason than Plaintiff and Ms. Jackson are black, Officer Johnson, a

18  white female and Defendant Parodi, a white female, approached the vehicle where Plaintiff sat, and

19  demanded identification. Defendant Parodi claimed that Plaintiff was ducking to avoid being seen by

20  law enforcement and wrote this statement in her police report; Defendant Parodi's body camera

21  shows otherwise that Plaintiff was sitting upright in the car and made no attempt to hide herself.

22  Officer Johnson approached the driver side of the car and Defendant Parodi approached the

23  passenger side. Because she had been racially profiled in the past by San Jose law enforcement,

24  Plaintiff immediately began using her cell phone to record the encounter and advised Defendant

25  Parodi she was doing so.

26      10.     When Defendant Parodi saw that Plaintiff was recording the encounter, she changed

27  her attitude toward Plaintiff and seemingly became enraged. Defendant Parodi demanded

28

3

identification from Plaintiff, and Ms. Berry provided her name and California driver's license number. Defendant Parodi later falsely wrote in her police report that Plaintiff provided information but could not be recorded; her body camera shows otherwise. Yelling in a loud voice, Defendant Parodi demanded that Plaintiff immediately exit the car, while Plaintiff asked what she had done wrong, and protested that she had done nothing wrong. Defendant Parodi falsely wrote in her report that she needed to remove Plaintiff from the car because of Plaintiff's furtive movements and that she could not see what was on the floor of the car. Defendant Parodi's body camera records, however, that Plaintiff limited her movements in the car to raising her hands to demonstrate to Defendant Parodi that she had nothing in her hands except the phone with which she was recording the incident. Plaintiff was afraid because  Defendant Parodi was quickly and unreasonably escalating and begged her to call a supervisor.

11.      Instead of explaining her concerns or even asking Plaintiff what she and Ms. Jackson were doing at the gas station, Defendant Parodi reached inside the half open passenger window, and unlocked and opened the passenger door. . Still protesting that she had done nothing wrong, Plaintiff attempted to comply with Defendant Parodi's requests, while still recording the encounter with her phone. Once she opened the passenger door, Defendant Parodi applied a pain compliance hold on Plaintiff's right wrist. Even though Plaintiff yelled that she was complying, that she had done nothing wrong, and begging to know why Defendant Parodi was behaving violently and hurting her, Defendant Parodi violently pulled Plaintiff from  the front passenger seat of the car and threw Plaintiff to the concrete floor of the gas station fueling bay. Plaintiff was fearful that she would be injured or worse, as she had done nothing wrong, but was also angry, and yelled in pain, fear, and anger, and used curses in protest of Defendant Parodi's actions. Plaintiff begged Parodi to stop using violence, protested that she had done nothing wrong, and demanded to know what she had done wrong and why was Defendant Parodi using violence against her. Plaintiff's friend Ms. Jackson pleaded with Defendant Parodi to stop being violent, asking why she was being violent with Plaintiff for no reason. Defendant Parodi ignored both Plaintiff and Ms. Jackson.

12.      After pulling Plaintiff from the car, and throwing her to the ground, Defendant

BERRY v. PARODI, CITY OF SAN JOSE,  ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES

Parodi threw began punching Plaintiff and using elbow strikes for no reason to Plaintiff's head, face, and torso. When Defendant Parodi threw Plaintiff to the ground, she hit her head on the concrete, and was in severe pain. and briefly lost consciousness. When she regained consciousness, Plaintiff was in severe pain, and reacted against the pain by writhing on the ground trying to protect her head, upper body, and face, while Defendant Parodi continued to use a pain compliance hold on her wrist and arm and continued to strike her with her fist and elbows. Defendant Parodi screamed at Plaintiff to stop moving, but Plaintiff could not stop involuntarily writhing on the ground in pain and terror, nor stop trying involuntarily to shield her head and face from Defendant Parodi's blows. Eventually, Defendant Parodi placed her knee on Plaintiff's neck while she was prostate on the ground, straddled Plaintiff with her body and managed to place both Plaintiff's wrists in handcuffs. When Defendant Parodi placed her knee on Plaintiff's neck, Plaintiff was unable to breathe, this caused Plaintiff to feel faint and limp, as though she was about to pass out, and in severe pain.

13.    After Plaintiff had been detained, arrested and in handcuffs, a San Jose police sergeant "White" arrived along with as many as twenty police officers; Plaintiff begged them for help but was only laughed at and her pleas ignored. Plaintiff's friend Ms. Jackson pleaded and yelled for help from the other officers as well, as she feared Defendant Parodi was going to harm or even kill Plaintiff; Defendant Parodi ignored Ms. Jackson. Plaintiff complained to the sergeant about the conduct of the Defendant Parodi, but he was dismissive about Plaintiff's complaint. Defendant Parodi subsequently wrote in her police report that she suspected that Plaintiff was in the area for purposes of prostitution, because of how Plaintiff dressed. In truth, Plaintiff  dressed as she did that night because Ms. Jackson and Plaintiff prepared to have a night out, and attend what Plaintiff later learned was a surprise birthday party. Neither Defendant Parodi, her partner officer Johnson, sergeant "White," nor any other law enforcement officer mentioned one word to Plaintiff or Ms. Jackson about any alleged solicitation or prostitution at any point during the encounter and Plaintiff was not charged with any prostitution or related crime.

14.    Defendant Parodi pulled Plaintiff up off the ground and pulled her to Defendant Parodi's police cruiser. There, she demanded that Plaintiff enter the back of the cruiser, but Plaintiff,

in pain and with her hands cuffed was unable to seat herself in the car. Defendant Parodi entered the back seat from the opposite side of the car and pulled Plaintiff by her arms across the seat in a prone position, despite Plaintiff's pain and discomfort. In short, throughout the encounter Defendant Parodi engaged in every conceivable action to cause Plaintiff pain and suffering, in retaliation for Plaintiff's initial recording of the encounter. Defendant Parodi even contacted and threatened Plaintiff elderly mother, who lives in Texas, causing Plaintiff even greater fear, embarrassment, and humiliation.

15.    Plaintiff was in severe pain from her shoulders, clavicle, ribs, torso, and arms, and was transported to local hospital for assessment and treatment. While hospital medical staff evaluated and treated Plaintiff at the hospital, Defendant Parodi continued to mistreat her and behave in an abusive and inappropriate manner. Defendant Parodi repeatedly taunted Plaintiff, engaged in unnecessary, unwanted, and inappropriate touching of Plaintiff's body, encouraged another patient whom Parodi seemed to be acquainted with to taunt, curse, and threaten Plaintiff; Defendant Parodi inappropriately gave the patient Plaintiff's home address. Defendant Parodi told Plaintiff that she looked or dressed like a "hooker." In front of a male nurse, she told Plaintiff that if she needed to use the restroom she was going to have to "get naked" in front of Defendant Parodi. Defendant Parodi threatened to force Plaintiff to pull down her pants and underwear and urinate in a bottle while Defendant Parodi and male attendants watched. When she made these threats Defendant Parodi laughed, licked her lips, and made offensive and inappropriate comments. When Defendant Parodi left the area for a few minutes upon being summoned to speak with Sergeant White, Defendant Parodi's partner, Officer Johnson removed the handcuffs on Plaintiff, allowed her to use the restroom, apologized to Plaintiff for Defendant Parodi's behavior, and admitted that she was wrong in her treatment and arrest of Plaintiff. When hospital staff determined that Plaintiff was stable and could be safely transported, Defendant Parodi transported Plaintiff to the main Santa Clara County jail complex, where Defendants incarcerated Plaintiff overnight until nearly dawn the morning of November 3, 2021.

16.    The Defendants finally released Plaintiff on November 3, 2019, just before dawn, and had to wait in the cold until her friend Donna Jackson could drive from Oakland to the San Jose

jail facility to bring her to her home in Oakland. Plaintiff's infant daughter and eighteen-month-old son, lacking her mother for feeding were crying, and stressed and unable to sleep, all of which in turn caused Plaintiff emotional distress. Plaintiff was in such pain from the injuries inflicted by Defendant Parodi that she could not pick up or hold her children to breastfeed them for approximately three months after the encounter.

17.     Plaintiff's ordeal did not stop upon her release. Parodi created a police report which falsely accused, but did not charge, Plaintiff of being in San Jose for the purposes of prostitution, a claim she never once asked about or accused Plaintiff of during the encounter and arrest. Plaintiff is informed and believes and thereupon alleges that Defendant Parodi racially profiled Plaintiff and her friend Donna Jackson because they are African American, and because Plaintiff was dressed up for her birthday party, believed that she was a prostitute, treated her as though she was a prostitute and sought to detain and then arrest her for prostitution, not because there was any cause to believe, or any evidence, that she was prostituting, but only because she is black. Plaintiff was not detained or arrested for prostitution or any prostitution related offense, but instead was charged with a misdemeanor for resisting arrest-even this charge was eventually dismissed when Plaintiff refused to accept a plea and demanded a jury trial, and after her criminal defense attorneys sought records of Defendant Parodi's prior wrongful acts. Defendant Parodi also falsified the police statement, falsely stating that she suspected Plaintiff because she ducked down in the car to avoid being seen by Defendant Parodi and officer Johnson, and writing her report as though Plaintiff was the aggressor, had resisted arrest and had fallen to the ground and was not thrown to the ground by Defendant Parodi for no reason, which was what actually happened. When Plaintiff was being booked, Defendant Parodi approached her and said, "see you later Ms. Walker." Plaintiff understood Defendant Parodi's parting comment to be a threat, potentially against Plaintiff's mother whose name is Walker, and potentially against Plaintiff, as there would be little to no legitimate opportunity for Defendant Parodi to "see" Plaintiff again.

18.     On November 3, 2021, after Defendants released Plaintiff from jail and she arrived home, she was shocked and frightened to see that Defendant Parodi had followed her to her home in

BERRY v. PARODI, CITY OF SAN JOSE,  ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES

Oakland, far out of Defendant Parodi's jurisdiction in San Jose. From a window in her home and then from the street, Plaintiff observed Defendant Parodi sitting in and then standing outside of a newer, dark colored pickup truck less than a block from Plaintiff's home. There was no legitimate law enforcement reason for Defendant Parodi to follow Plaintiff to her home in Oakland. Plaintiff was terrified that Parodi was stalking her with bad intent. Plaintiff feared for her physical safety and that of her child after Parodi's use of unreasonable and excessive force during Plaintiff's wrongful arrest.

19.    The government insisted on prosecuting Plaintiff, repeatedly asking her to plead guilty, but Plaintiff refused, demanding a jury trial because she had done nothing wrong. Plaintiff's attorneys reviewed Defendant Parodi's body camera and discovered that it contradicted the report Defendant Parodi had written. Upon seeing the unreasonable and unnecessary force Defendant Parodi employed with Plaintiff, Plaintiff's attorneys made a "Pitchess Motion on July 8, 2020, seeking disciplinary records relating to Defendant Parodi, including other complaints of unnecessary and unreasonable force used by her against other citizens. Before the July 31, 2020, hearing set for this motion, the District Attorney dismissed the criminal case against Plaintiff.

## DAMAGES

20.    As the result of the wrongful and unlawful conduct of the officers and government entities as alleged herein, Plaintiff suffered damages, including but not limited to physical pain and suffering, loss of consciousness and likely closed head injury, a large painful swelling on her head from striking the concrete, injury to her clavicle and shoulder, bruises and contusions, fear, humiliation, embarrassment, emotional anguish and emotional distress in an amount to be determined according to proof. Plaintiff was breastfeeding her infant and eighteen-month-old child at the time of the events alleged herein, and the pain in her ribs and shoulders was so severe that she was unable to even pick up her children to feed them for three months after Defendants released her. Plaintiff was so emotionally distraught and suffered such emotional distress that she saw a therapist until she could no longer afford to do so.

21.    As a further result of the acts and omissions alleged herein,  Defendants have

deprived Plaintiff of her rights under the Fourth Amendment to the United States Constitution.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 Excessive Force – Against the Defendant Officer Parodi)

22.     Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

23.     The acts and omissions of the defendants as described herein, and by using excessive force on Plaintiff, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

24.     As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

25.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Unlawful Detention - Against Officer Parodi and City of San Jose)

26. Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

27.     The acts and omissions of the defendants as described herein, and by wrongfully and without probable cause, detaining and/or arresting Plaintiff, and racially profiling and detaining Plaintiff solely because she is African American, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

28.     As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

BERRY v. PARODI, CITY OF SAN JOSE, ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

29.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 – False Arrest - Against Officer Parodi and City of San Jose)

30.     Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

31.     The acts and omissions of the defendants as described herein, and by wrongfully detaining and/or arresting Plaintiff, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

32.     As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

33.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1983 Unlawful Search and Seizure– Against Officer Parodi and City of San Jose)

34.     Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

35.     The acts and omissions of the defendants as described herein, and by conducting unlawful searches of Plaintiff, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from unreasonable searches and

BERRY v. PARODI, CITY OF SAN JOSE,  ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES

seizures as guaranteed by the Fourth Amendment to the United States Constitution.

36.     As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

37.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### FIFTH CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Malicious Prosecution - Against All Defendants)

38.     Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

39.     The acts and omissions of the defendants as described herein, and by wrongfully detaining and/or arresting and prosecuting Plaintiff without cause, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from unreasonable searches and seizures and wrongful prosecution, as guaranteed by the Fourth Amendment to the United States Constitution.

40.     As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

41.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### SIXTH CLAIM FOR RELIEF
(42 U.S.C. § 1983 First Amendment Violation – Against All Defendants)

34.     Plaintiff incorporates by reference each and every allegation contained in each of the

11

preceding paragraphs above as if fully set forth herein.

35.    The acts and omissions of the defendants as described herein, violated Plaintiff's rights under the laws and Constitution of the United States including but not limited to her right to be free from retaliation for exercising her rights to petition the government guaranteed by the First Amendment.

36.    As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

37.    Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

## SEVENTH CLAIM FOR RELIEF
### (42 U.S.C. 1983)
### (Monell Claim - Against City of San Jose)

38.    Plaintiff incorporates by reference each and every allegation contained in each of the preceding paragraphs above as if fully set forth herein.

39.    Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the state and/or federal constitutional or statutory rights of person, grossly negligently with reckless disregard to state or federal constitutional and/or statutory rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff pursuant to the principals set for the in *Monell v. New York City Dept. of Social Services* and its progeny.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY**

PLAINTIFF DEMANDS THAT EACH OF HER CLAIMS BE TRIED BEFORE A JURY.

<u>**PRAYER**</u>

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.    For a money judgment representing compensatory damages, general damages, special damages, and other sums according to proof at trial;

2.    For a money judgment for mental pain and anguish and emotional distress according to proof at trial;

3.    For exemplary damages against Defendant Officer Parodi;

4.    For attorney's fees and costs of suit, pursuant to 42 USC 1988;

5.    For prejudgment and post-judgment interest; and

6.    For any other remedy that the court deems just and proper.

DATED: October 29, 2021                              GEONETTA & FRUCHT, LLP

/s/  *Frederick J. Geonetta*
 Frederick J. Geonetta
 Attorneys For Plaintiff

13
BERRY v. PARODI, CITY OF SAN JOSE,  ET AL
U.S. DISTRICT COURT, COMPLAINT FOR DAMAGES