UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRYANNA BERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE POLICE OFFICER LINDSAY PARODI (4426),<br><br>　　　　Defendant. | Case No. 21-cv-08436-VKD<br><br>**ORDER RE DEFENDANT'S MOTIONS IN LIMINE NOS. 1-4**<br><br>Re: Dkt. No. 65 |

The Court held a pretrial conference in this matter on April 12, 2023. Dkt. No. 71. This order resolves defendant Detective Lindsay Alvarez's[1] motions in limine. Dkt. No. 65.[2]

**A.     Motion in Limine No. 1 to Exclude Opinion Testimony of Roger Clark**

Detective Alvarez moves to exclude the proposed testimony of Ms. Berry's expert, Roger Clark.[3] Ms. Berry agrees that Mr. Clark should not be permitted to provide legal opinions, but contends that excluding his testimony in its entirety is drastic and unwarranted. The motion is granted in part and denied in part.

Expert witnesses may give opinions if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact

---

[1] Defendant advises that they are now known as Detective Lindsay Alvarez.

[2] Ms. Berry did not file any motions in limine.

[3] Under the Court's case management order, motions brought pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) should have been filed no later than January 10, 2023. *See* Dkt. No. 23. Inasmuch as Detective Alvarez's Motion in Limine No. 1 raises issues concerning Mr. Clark's qualifications or other matters discussed in *Daubert*, the motion is untimely.

in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The expert's opinions may be based "on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness, *see* Rule 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."). Additionally, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). However, "[c]onsistent with Rule 704(a)," the Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

*First*, Detective Alvarez argues that Mr. Clark should not be permitted to offer legal conclusions or to opine on ultimate issues that are for the jury to decide. Detective Alvarez's motion on this point is granted in part and denied in part. As discussed above, expert testimony that concerns an ultimate issue for the jury to decide is not per se improper. However, Mr. Clark may not offer any opinions about what the facts are, including any determination regarding whether Detective Alvarez filed a false report. Additionally, Mr. Clark must avoid using specialized legal terms, such as "excessive force," "unnecessary force," "unlawful force," "reasonable suspicion," or "probable cause" in testifying about his opinions in this case, so as not to suggest to the jury the conclusions they should reach on Ms. Berry's claims. Whether an expert may use other words that have both lay and legal meaning, such as "reasonable" or "unreasonable," is a more difficult question, and one on which different courts have reached different conclusions. *Compare, e.g., Estate of Bojcic v. City of San Jose*, No. C05 3877 RS, 2007 WL 3314008, at *3 (N.D. Cal. Nov. 6, 2007) (expert may not offer opinion that officer "acted unconstitutionally or exercised 'excessive force,'" but may use "the terms 'reasonable' or 'unreasonable' in his testimony" so long as he avoids using "language in the form of a legal conclusion") *with Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015)

2

("Although the Court finds that Clark is qualified to opine as to whether the officers' use of force was excessive or unreasonable, the Court concludes that such testimony should be explored through hypothetical questioning so as to avoid invading the province of the jury."). In this case, an expert must avoid using judicially defined or legally specialized terms, and must not testify that certain conduct was or was not unlawful or unconstitutional. The Court will not absolutely prohibit use of lay terms, such as "reasonable" or "unreasonable," so long as it is clear that the expert is using such terms in the context of discussing how the conduct compares to relevant procedures, policies, practices, experience, or norms of conduct, and not giving an opinion regarding whether the conduct does or does not meet a specific legal standard.

*Second*, Detective Alvarez argues that Mr. Clark should not be permitted to offer opinions that amount to credibility findings. Detective Alvarez's motion on this point is granted. Mr. Clark may make clear that his opinions are based on specific assumptions or understandings about the facts or, where appropriate, based on specific hypotheticals. However, as discussed above, he may not testify to any opinions about what the facts are. Nor may he give his opinion as to which side's version of disputed events is most likely or most credible. Moreover, Mr. Clark may not testify about his opinion that Detective Alvarez "appears immature and lacking in good judgment, prudence and verbal skills to deal with citizens who have the right to be free of police misconduct, arrest and excessive force." Dkt. No. 65-1 at 28.

*Third*, Detective Alvarez argues that Mr. Clark should not be permitted to offer opinions that are merely speculative. The Court defers a ruling on this portion of Detective Alvarez's motion. Mr. Clark may not offer opinions that are not supported by sufficient facts or expertise. Based on the materials presented to the Court, including Ms. Berry's opposition to this motion in limine, Mr. Clark's opinions concerning the following matter appear to be unsupported by sufficient facts or expertise: (1) that Detective Alvarez "used profiling techniques" when detaining Ms. Berry; (2) that there was "no exigency, and [Detective Alvarez] should have awaited a supervisor"; (3) that "Mr. [sic] Berry sustained injuries that appear consistent with blunt force impact to her head"; and (4) that by "putting on latex gloves (which Officer Johnson did not do), . . . [Detective Alvarez] also intended to physically search Ms. Berry." Dkt. No. 65-1 at 4, 23, 24,

25. During the hearing on this motion, Ms. Berry argued that Mr. Clark elaborated on the bases for these opinions during his deposition testimony, although Ms. Berry failed to identify any such testimony in her opposition to Detective Alvarez's motion. If Ms. Berry wishes to have the Court consider Mr. Clark's testimony on this point before deciding this aspect of Detective Alvarez's motion in limine, she must file a supplemental opposition specifically identifying the relevant portions of his deposition no later than **April 24, 2023**.[4]

*Fourth*, Detective Alvarez argues that Mr. Clark should not be permitted to offer opinions on matters that are outside the scope of his expertise, arguing that he should be precluded from testifying altogether because he lacks the necessary qualifications, as his "purported expertise is based entirely on an academic understanding and application of POST standards." Dkt. No. 65 at 5. Detective Alvarez's motion on this point is granted in part and denied in part. The Court denies the motion to the extent it challenges Mr. Clark's qualifications because it is untimely. However, for the reasons discussed above, Mr. Clark may not testify about matters such as what the law is or requires, what the facts are, or about the nature and extent of Ms. Berry's injuries. He may testify about police practices or procedures involving traffic stops and arrests to the extent his opinions and the bases therefor were adequately disclosed during discovery. However, Mr. Clark may not testify about his own personal beliefs, untethered to any procedures, policies, practices, experience, or norms of conduct.

B. **Motion in Limine No. 2 re Internal Affairs Investigation, Review, and Conclusions**

Detective Alvarez moves to exclude any evidence or reference to (1) the investigation of Ms. Berry's complaint concerning the November 3, 2019 incident by the San Jose Department Internal Affairs ("IA"); and (2) the conclusions made by the IA about this case. The specific evidence in question includes the report prepared by IA Officer Bryan Tran, who investigated Ms.

---

[4] Ms. Berry previously lodged what appears to be a copy of the entire transcript of Mr. Clark's December 30, 2022 deposition testimony. She need not resubmit another copy of that transcript to the Court.

1    Berry's complaint.[5]  Ms. Berry does not oppose this motion, provided she is able to use "the

2    statements of witnesses" contained in Officer Tran's report.  *See* Dkt. No. 67 at 1 n.1.

3            During the hearing on the motion, the parties agreed that the statements made during the

4    IA investigation may be admissible.  Detective Alvarez objects to unnecessary references to the

5    fact that the statements were made as part of an IA investigation and objects to admission of the

6    IA report.  Detective Alvarez's motion is granted, except that Ms. Berry may use the witness

7    statements in evidence and/or for purposes of impeachment.  The parties shall confer regarding

8    whether those statements may be presented to the jury or otherwise used at trial without disclosing

9    irrelevant information about the IA investigation, and they shall promptly advise the Court if they

10   have a dispute on this point.

### C.    Motion in Limine No. 3 re Other Police Incidents

Detective Alvarez moves to exclude all references to police incidents that occurred after the November 3, 2019 incident at issue.  Ms. Berry does not oppose this motion.

As a general matter, the Court excludes evidence of and references to other specific incidents of police use of excessive or deadly force that post-date the incident in question, or that are otherwise unrelated to the events at issue in this case or Ms. Berry's alleged injuries, as irrelevant and potentially prejudicial.  However, the Court will permit limited questioning of prospective jurors during voir dire regarding whether and how their exposure to information, including media reports, of other officer-involved incidents does or does not impact their ability to be fair and impartial in this case.  In addition, the Court will afford counsel for both sides some flexibility during closing argument to refer generally to matters of common knowledge not in evidence, so long as those references are consistent with Ninth Circuit guidance that limits such argument to matters that are not unfairly inflammatory or likely to confuse the jury.  *See Tenorio v. United States,* 390 F.2d 96, 99 (9th Cir.), *cert. denied,* 393 U.S. 874 (1968) ("Counsel are entitled to a reasonable degree of latitude in the presentation of argument, and the prosecutor's

---

[5] Although the heading to this motion also refers to the Independent Police Auditor's investigation (*see* Dkt. No. 65 at 6), the motion appears to focus entirely on the IA investigation conducted by Officer Tran.

comment concerning 'the destruction and the human waste which arises from the use of heroin' contained nothing more than that which is within the common knowledge of all reasonable people."); *see also United States v. Candelaria*, 704 F.2d 1129, 1132 (9th Cir. 1983) (permitting prosecution to respond to defense argument that defendant's alleged threat was a joke, by arguing "in this day [and] age when people are subjected to threats, to bombs in airplanes . . . . [T]his is an age when you don't joke about things like that").

### D. Motion in Limine No. 4 re *Miranda* Violation

Detective Alvarez moves to exclude all evidence and argument pertaining to any *Miranda*[6] violation, arguing that such evidence and argument is irrelevant, misleading, and unduly prejudicial. Ms. Berry opposes the motion.

According to Ms. Berry, Sergeant White attempted to give Ms. Berry a *Miranda* warning while Ms. Berry was seated in the back seat of a patrol vehicle. He did not complete his reading of the *Miranda* rights until hours later, when Ms. Berry was at the hospital. Meanwhile, Ms. Berry apparently made a statement to the effect that when she exited Ms. Jackson's car, she fell to her knees. Detective Alvarez presumably wants to use that statement to impeach Ms. Berry (who claims that Detective Alvarez pushed her to the ground), but preclude Ms. Berry from arguing or presenting any evidence of any *Miranda* violation.

Ms. Berry does not contend that her statements are inadmissible by virtue of any failure by police offers to give her a *Miranda* warning. Rather, she argues that the failure to give her a proper *Miranda* warning is relevant to her claim of malicious prosecution. Specifically, she says: "Plaintiff believes that the *Miranda* violation may have been a reason for the dismissal of the case, as her statements would not have been admissible in criminal proceedings. . . . [T]here is an inference to be drawn that any reasonable prosecuting attorney would have recognized the *Miranda* failure and the jeopardy it placed the case against Plaintiff in." Dkt. No. 67 at 3-4.

It is not entirely clear what inference Ms. Berry contends may be fairly drawn or how that inference bears on her malicious prosecution claim. Detective Alvarez argues that Ms. Berry

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

should not be permitted to argue to the jury that the prosecutor dismissed the case because of an obvious *Miranda* violation, as there is no information in the record to support that theory or any specific reason for dismissal of the prosecution. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. Similar to other terminations short of a complete trial on the merits, a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.") (citations omitted).

The Court invites the parties to submit further briefing, including specifically caselaw, that bears on the question of whether Ms. Berry may offer evidence of the facts and circumstances that preceded the dismissal of the criminal prosecution against her, and whether counsel may argue to the jury that they should infer from those circumstances that the prosecution lacked merit, or was the product of malicious motivation. The parties may file supplemental briefs on this point no later than **April 24, 2023**.

**IT IS SO ORDERED.**

Dated: April 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7