UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRYANNA BERRY,<br><br>          Plaintiff,<br><br>   v.<br><br>SAN JOSE POLICE OFFICER LINDSAY PARODI (4426),<br><br>          Defendant. | Case No. 21-cv-08436-VKD<br><br>**FURTHER ORDER RE DEFENDANT'S MOTION IN LIMINE NO. 4 AND PLAINTIFF'S PROPOSED TRIAL EXHIBIT 21**<br><br>Re: Dkt. Nos. 65, 67, 82 |

In Motion in Limine No. 4, Detective Alvarez[1] moved to exclude all evidence and argument regarding any *Miranda*[2] violation, arguing that such evidence and argument is irrelevant, misleading, and unduly prejudicial. *See* Dkt. No. 65, 67. The parties also dispute the admissibility of Ms. Berry's proposed trial Exhibit No. 21, which is a copy of Ms. Berry's *Pitchess*[3] motion filed in the criminal prosecution against her. *See* Dkt. No. 68-2. Ms. Berry does not contend that her statements are inadmissible by virtue of any failure of police officers to give her a *Miranda* warning. *See* Dkt. No. 72 at 6; *see also* Dkt. No. 72. Rather, the parties' point of contention is whether any *Miranda* violation and Ms. Berry's *Pitchess* motion are relevant to her malicious prosecution claim.

The Court invited further briefing from the parties "including specifically caselaw, that

---

[1] Defendant previously advised that they are now known as Detective Lindsay Alvarez. For consistency with prior pretrial orders, the Court refers to defendant as Detective Alvarez in this order.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] *Pitchess v. Super. Ct.*, 11 Cal.3d 531 (1974).

bears on the question of whether Ms. Berry may offer evidence of the facts and circumstances that preceded the dismissal of the criminal prosecution against her, and whether counsel may argue to the jury that they should infer from those circumstances that the prosecution lacked merit, or was the product of malicious motivation." Dkt. No. 72 at 7; *see also* Dkt. No. 73 at 6. Detective Alvarez filed a supplemental brief. Dkt. No. 82. Ms. Berry did not. Upon consideration of the moving and responding papers, Detective Alvarez's supplemental brief, as well as the arguments presented at the February 20, 2024 further pretrial conference, the Court grants Detective Alvarez's Motion in Limine No. 4 and excludes all evidence and argument regarding any *Miranda* violation, as well as Ms. Berry's proposed trial Exhibit No. 21.

"Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). To prevail on a § 1983 malicious prosecution claim, a plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *see also Awabdy*, 368 F.3d at 1066 (same).

"Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy*, 368 F.3d at 1067. "However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id*. (citations omitted).

According to Ms. Berry, the alleged *Miranda* violation was committed by Sergeant White, who is not a defendant in this action. *See* Dkt. No. 67 at 3. Ms. Berry believes that the alleged *Miranda* violation may have been a reason for the dismissal of the criminal prosecution against her. She argues that she should be permitted to have the jury draw such an inference. *See id*. at 3-

4. With respect to her *Pitchess* motion, Ms. Berry posits that the filing of that motion may have caused the prosecutor to dismiss the criminal action, inasmuch as the dismissal occurred on the eve of the *Pitchess* motion hearing. *See* Dkt. No. 68 at 3. However, Ms. Berry presents no facts or evidence that plausibly shows that Detective Alvarez had anything to do with the alleged *Miranda* violation. Nor does Ms. Berry present any facts or evidence that sufficiently connects her *Pitchess* motion to anything Detective Alvarez did or did not do that was "actively instrumental in causing the initiation of legal proceedings" against Ms. Berry. *Awabdy*, 368 F.3d at 1067. The alleged *Miranda* violation and Ms. Berry's *Pitchess* motion therefore are irrelevant, misleading, and more prejudicial than probative. Fed. R. Evid. 401, 402, 403.

Accordingly, the Court grants Detective Alvarez's Motion in Limine No. 4 to exclude all evidence and argument regarding any alleged *Miranda* violation. The Court also sustains Detective Alvarez's objection to Ms. Berry's *Pitchess* motion (proposed trial Exhibit No. 21).

**IT IS SO ORDERED.**

Dated: February 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge