UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRYANNA BERRY,<br><br>  Plaintiff,<br><br> v.<br><br>SAN JOSE POLICE OFFICER LINDSAY PARODI (4426),<br><br>  Defendant. | Case No. 21-cv-08436-VKD<br><br>**FURTHER ORDER RE DEFENDANT'S MOTION IN LIMINE NO. 1**<br><br>Re: Dkt. No. 65 |

In Motion in Limine No. 1, defendant Detective Alvarez[1] moved to exclude the proposed testimony of Ms. Berry's expert, Roger Clark, including certain opinions Detective Alvarez contends are based on speculation. *See* Dkt. No. 65 at 4-5. After hearing argument on this motion during the April 12, 2023 final pretrial conference, the Court deferred ruling on one aspect of the motion in limine, and ordered as follows:

> Mr. Clark may not offer opinions that are not supported by sufficient facts or expertise. Based on the materials presented to the Court, including Ms. Berry's opposition to this motion in limine, Mr. Clark's opinions concerning the following matter appear to be unsupported by sufficient facts or expertise: (1) that Detective Alvarez "used profiling techniques" when detaining Ms. Berry; (2) that there was "no exigency, and [Detective Alvarez] should have awaited a supervisor"; (3) that "Mr. [sic] Berry sustained injuries that appear consistent with blunt force impact to her head"; and (4) that by "putting on latex gloves (which Officer Johnson did not do), . . . [Detective Alvarez] also intended to physically search Ms. Berry." Dkt. No. 65-1 at 4, 23, 24, 25. During the hearing on this motion, Ms. Berry argued that Mr. Clark elaborated on the bases

---

[1] Defendant previously advised that they are now known as Detective Lindsay Alvarez. For consistency with prior pretrial orders, the Court refers to defendant as Detective Alvarez in this order.

for these opinions during his deposition testimony, although Ms. Berry failed to identify any such testimony in her opposition to Detective Alvarez's motion.  If Ms. Berry wishes to have the Court consider Mr. Clark's testimony on this point before deciding this aspect of Detective Alvarez's motion in limine, she must file a supplemental opposition specifically identifying the relevant portions of his deposition no later than April 24, 2023.

Dkt. No. 72 at 3-4.

Ms. Berry did not file a supplemental opposition memorandum identifying any pertinent portions of Mr. Clark's deposition testimony.  During a further conference on February 20, 2024, Ms. Berry's counsel argued that Mr. Clark should be permitted to testify regarding P.O.S.T. standards that provide guidance about racial profiling and how law enforcement officers are trained to "deal with" racial profiling.  The Court has carefully reviewed Mr. Clark's expert report, which was filed as an attachment to Detective Alvarez's motion in limine.  *See* Dkt. No. 65-1. That report contains no disclosures about any P.O.S.T. standards regarding racial profiling or dealing with racial profiling.

Accordingly, as Ms. Berry has failed to demonstrate any basis, other than Mr. Clark's own speculation, for Mr. Clark to provide expert testimony regarding the four opinions listed above, those opinions are excluded.

**IT IS SO ORDERED.**

Dated: February 21, 2024

Virginia K. DeMarchi
United States Magistrate Judge