UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRYANNA BERRY,<br><br>             Plaintiff,<br><br>      v.<br><br>SAN JOSE POLICE OFFICER LINDSAY PARODI (4426),<br><br>             Defendant. | Case No.  21-cv-08436-VKD<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDICIAL NOTICE**<br><br>Re: Dkt. No. 124 |

Ms. Berry has filed a renewed motion requesting that the Court take judicial notice of the dictionary meaning of the word "furtive." Dkt. No. 124. The Court denies the motion.

The lawyers for both parties used the word "furtive" in their respective opening statements. Dkt. No. 101. Ms. Berry also used the word in her closing argument. Dkt. No. 122. No party objected to the other's use of the word at the time.

The jury instructions the parties initially proposed do not contain any reference to "furtive movements." *See* Dkt. Nos. 68-5, 68-6, 80. During the February 28, 2024 jury instruction conference, both parties proposed adding similar phrases with the word "furtive" to the jury instructions.[1] The Court agreed to give the instruction with the dictionary definition of "furtive," but Ms. Berry objected to including language with the word "furtive" in the jury instructions. *See*

---

[1] Detective Alvarez proposed adding the phrase, "While presence in a high-crime area or furtive movements are insufficient give rise to reasonable suspicion independently, officers can consider these factors in forming reasonable suspicion." *See* Dkt. No. 107. Ms. Berry proposed adding the similar phrase, "While presence in a high-crime area or furtive movements are by themselves insufficient to give rise to reasonable suspicion, officers can consider these factors in forming reasonable suspicion." Dkt. No. 109.

1   Dkt. No. 114 at 423.

2       The only evidence presented at trial concerning the word "furtive" are Exhibit 6 (Detective

3   Alvarez's report) and Detective Alvarez's testimony about how they used the word in the report

4   (*see* Dkt. No. 114 at 375).  Ms. Berry chose not to cross-examine Detective Alvarez on this point.

5   Ms. Berry did not otherwise present any evidence regarding whether the word "furtive" has an

6   accepted meaning as a matter of police practice and procedure.  It would be error for the Court to

7   now instruct the jury on the meaning of a word that a witness used and explained to the jury,

8   where the proposed instruction differs from the only evidence in the record at trial.

9       Accordingly, Ms. Berry's renewed motion for judicial notice is denied.

10  **IT IS SO ORDERED.**

11  Dated: March 4, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge